## VENABLE *v.* J. ENGEL & CO., INC.
### [No. 10, October Term, 1949.]

*Decided November 9, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MAR-KELL, JJ.

*Godfrey Child* and *Samuel K. Dennis* for the appellant.

*John O. Herrman,* with whom was *Jacob S. New* on the brief, for the appellee.

DELAPLAINE, J. delivered the opinion of the Court.

This suit was brought by J. Engel & Co., Inc., whole-sale jeweler with principal place of business in Balti-more, to restrain T. Bryce Venable, trading in Pocomoke City and Crisfield as Venable's Jewelry Store, from wil-fully and knowingly advertising, offering for sale or selling any Hamilton watches at less than the minimum resale prices established by contract made in pursuance of the Fair Trade Act. Code 1939, Code Supp. 1947, art. 83, secs. 102-110.

By the contract made January 12, 1948, complainant as regional wholesale distributor for the Hamilton Watch Company, of Lancaster, Pennsylvania, appointed defend-ant a retailer of Hamilton watches, and defendant prom-ised that he would not advertise, offer for sale or sell any of these watches at less than established minimum prices.

Subsequently defendant employed the National Sales Company, of New York, to promote a price reduction sale at his stores. A representative of that company,

after inspecting defendant's stock of jewelry and watches, made plans for a sale to commence May 27, 1948. He designed a double-page advertisement for insertion in the Eastern Shore News, a newspaper published in Onancock, Virginia, and selling about 500 copies on the Eastern Shore of Maryland. He also distributed thousands of copies of the advertisement in the form of handbills.

The advertisement contained ten small pictures of watches. In connection with these pictures was the following statement: "During this sale you can buy a good dependable watch. Reductions range up to 1/2 off." On the dial of one of the pictures was the word "Hamilton" in very small letters. When the attention of Otho Thompson, a competitor of defendant in Pocomoke City, was called to the word "Hamilton" in tiny letters on the picture, he mailed the advertisement to the Hamilton Watch Company at Lancaster, and that company thereupon forwarded it to complainant at Baltimore.

On June 16 complainant instituted suit for an injunction in the Circuit Court for Worcester County, alleging that defendant had violated the terms of the resale price contract. Defendant denied the allegation. At the trial of the case he asserted that he was not aware that the word "Hamilton" was on one of the illustrations in the advertisement until June 16, when he was notified of the institution of the suit. He explained that the representative of the National Sales Company had prepared the copy for the advertisement, listing the prices exactly as given to him, and that he had left blank spaces for the cuts to be furnished by the Eastern Shore News for pictures of jewelry and watches.

Section 107 of the Fair Trade Act provides that wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of the Act, whether the person so advertising, offering

for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby. It is unquestioned that a court of equity may grant injunctive relief in a proper case for violation of a resale price contract made pursuant to the Fair Trade Act. *Goldsmith v. Mead Johnson & Co.*, 176 Md. 682, 7 A. 2d 176, 125 A. L. R. 1339; *Hutzler Bros. Co. v. Remington Putnam Book Co.*, 186 Md. 210, 46 A. 2d. 101, 163 A. L. R. 884.

In the instant case complainant failed to produce any evidence that defendant had ever offered for sale or sold any Hamilton watches below the minimum prices established by the resale price contract. During the period of the price reduction sale, defendant had five Hamilton watches on display in the window of his jewelry store in Pocomoke City, but he declared that he did not sell one Hamilton watch during the sale. John G. Evans, of Atlantic City, employed as a traveling salesman by complainant, saw the five Hamilton watches in the window about the time of the institution of the suit, and admitted on the stand that the price marked on the card for each watch was the established price. Thompson, defendant's competitor, claimed that the word "reduced" appeared on each card; but complainant's traveling salesman substantiated the testimony of defendant that the word "now," and not the word "reduced," was on the card with the established price.

The chancellor granted a permanent injunction. He found (1) that defendant did not offer for sale or sell any Hamilton watches at less than the established prices, but (2) that he did advertise the watches for sale in violation of the terms of the contract. Hence, the question before us on this appeal from the chancellor's decree is merely whether defendant advertised any Hamilton watches for sale in violation of the terms of the contract. It is acknowledged, of course, that a court of equity must not issue an injunction to restrain an alleged wrong which complainant has not proved to

have occurred or which does not appear likely to occur. *Hecht Co. v. Rosenberg,* 165 Md. 116, 120, 166 A. 440.

While the advertisement in this case offered "good dependable" watches at reductions ranging up to 1/2 off, it did not expressly offer reductions on all watches, nor on Hamilton watches. Even assuming that the advertisement indicated by implication that defendant was offering Hamilton watches for sale at reduced prices, and that the word "Hamilton" on one of the pictures was clearly legible, the fact remains that the advertisement did not specify any price for any Hamilton watch. It is needless to conjecture whether defendant actually hoped to convey the impression that the prices of Hamilton watches had been reduced below the minimum resale prices. We take occasion to observe, however, that while the cards on some of the other watches were marked with two prices, *i.e.,* the original price crossed out and the reduced price, the card on each Hamilton watch was marked with only the price established by the contract. Moreover, there was a wide difference between the Hamilton prices and the prices on other watches. In the advertisement some of the watches were priced at $19.75. The minimum established price for the Hamiltons was $52.25. If anyone had the impression that a Hamilton could be bought for $19.75, he would have found that his impression was erroneous by glancing in the window.

In any event, neither the advertisement of sale nor the window display of Hamilton watches constituted a breach of contract. The Fair Trade Act is in derogation of the general rule of the common law that any person has the right to sell his property at any price that he and the purchaser may agree upon, and the courts should accordingly construe the Act strictly and should not infer that the Legislature intended to change any common-law principle beyond what the Act explicitly provides. Years ago the practice of advertising prices as being reduced when they were actually not reduced was condemned by the Federal Trade Com-

mission as an unfair method of competition in violation of the Federal Trade Commission Act. 15 U. S. C. A. § 45; *Federal Trade Commission v. Standard Education Society,* 302 U. S. 112, 58 S. Ct. 113, 82 L. Ed. 141; *Henderson, The Federal Trade Commission,* 196-200. Unlike the Federal Trade Commission Act and the Federal Securities Act, 15 U. S. C. A. § 77a *et seq.,* the Fair Trade Act does not forbid false representations as to prices. The purpose of the Fair Trade Act is to protect commodities subject to trade which, independent of their physical value, embody a trade-mark, brand or copyright which is recognized by governmental agencies as a valuable property right vested by law in the inventor or author. *Schill v. Remington Putnam Book Co.,* 179 Md. 83, 88, 17 A. 2d 175, 22 A. 2d 128. The Act aims merely to prohibit retailers from wilfully and knowingly advertising, offering for sale or selling any such commodity at less than the price stipulated in the resale price contract. In this case complainant failed to prove that defendant had advertised any Hamilton watch for sale at less than the minimum established price. Assuming that defendant did offer price reductions on Hamilton watches, regardless of whether the word "now," or even the word "reduced," appeared on the cards in the window, he had the right to raise or reduce prices at any time and to offer the watches for sale at any prices he chose, provided that they were not below the established prices.

As complainant failed to prove the allegations of the bill that defendant had violated the terms of the contract, we must reverse the decree of the chancellor granting the injunction.

*Decree reversed and bill of complaint dismissed, with costs.*